E-FILED
Wednesday, 02 January, 2008  03:54:47 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

United States of America ex rel.                    )
                                                    )
MELVIN FARLOW, K92694                               )
(Full name and prison number)                       )
(Include name under which convicted)                )
                                                    )
PETITIONER                                          )      CASE NO: 08-2001
                                                    )      _____
    vs.                                             )      (Supplied by Clerk of this Court)
                                                    )
TERRY L. McCANN                                     )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )      **FILED**
                                                    )
RESPONDENT, and                                     )      JAN 0 2 2008
                                                    )
(Fill in the following blank **only** if judgment   )      JOHN M. WATERS, CLERK
attacked imposes a sentence to commence             )      U.S. DISTRICT COURT
in the future)                                      )      CENTRAL DISTRICT OF ILLINOIS
                                                    )      URBANA, IL
ATTORNEY GENERAL OF THE STATE OF                    )
                                                    )      Case Number of State Court Conviction:
_____N/A_____                 )
(State where judgment entered)                      )      99 CF 1532

### PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Circuit Court of The Sixtn
   Judicial Circuit, Macon County, Illinois

2. Date of judgment of conviction: December 2000

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   Unlawful criminal drug conspiracy with a prior possession for sale

4. Sentence(s) imposed: Seventy five (75) years

5. What was your plea? (Check one)    (A) Not guilty        (X X)
                                      (B) Guilty            (   )
                                      (C) Nolo contendere   (   )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
   N/A

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury (☒)    Judge only ( )

2. Did you testify at trial?    YES (☒)    NO    ( )

3. Did you appeal from the conviction or the sentence imposed? YES (☒) NO ( )

   (A) If you appealed, give the

       (1) Name of court:    Fourth District Appellate Court

       (2) Result:    Affirmed conviction and sentence

       (3) Date of ruling:    July 15, 2003

       (4) Issues raised:    Conviction violated Wharton's Rule, conviction
   legally inconsistent with jury's inability to reach a verdict,
   court allowed evidence of other crimes, failed to prove guilt
   improper remarkd, jury instructions, excessive sentence.

   (B) If you did not appeal, explain briefly why not:

       N/A

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( )    NO (☒)

   (A) If yes, give the

       (1) Result  _____

       (2) Date of ruling:  _____

       (3) Issues raised:  _____

       _____

       _____

   (B) If no, why not:  Appointed counsel refused to continue representation

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (☒)

   If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (X)  NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

  A. Name of court: Sixth Judicial Circuit, Macon County, Illinois

  B. Date of filing: June 1, 2004

  C. Issues raised: Lost evidence, improper closing arguments, improper jury instructions, unlawful enhanced sentence, counsel's conflict of interest at trial, prosecution made false statements to jury, (cont

  D. Did you receive an evidentiary hearing on your petition?    YES ( )  NO (X)

  E. What was the court's ruling? Dismissed

  F. Date of court's ruling: June 22, 2004

  G. Did you appeal from the ruling on your petition?    YES (X)  NO ( )

  H. (a) If yes, (1) what was the result?    Affirmed

             (2) date of decision: October 13, 2006

    (b) If no, explain briefly why not: _____

  I. Did you appeal, or seek leave to appeal this decision to the highest state court?

    YES (X)  NO ( )

    (a) If yes, (1) what was the result?    Review denied

             (2) date of decision: March 1 2007

    (b) If no, explain briefly why not: _____

(Continued from 1(c))  Trial court lacked personal jurisdiction, A juror tainted Petitioner's jury, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, arresting officers committed perjury, California officers falsified the evidence against Petitioner.

2.  With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?  YES ( )        NO (✗)

    A.  If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.  Nature of proceeding     _____

        2.  Date petition filed     _____

        3.  Ruling on the petition     _____

        3.  Date of ruling     _____

        4.  If you appealed, what was
           the ruling on appeal?     _____

        5.  Date of ruling on appeal     _____

        6.  If there was a further appeal,
           what was the ruling ?     _____

        7.  Date of ruling on appeal     _____

3.  With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
        YES ( )  NO (✗)

    A.  If yes, give name of court, case title and case number: _____

_____ N/A _____

    B.  Did the court rule on your petition?  If so, state

        (1)  Ruling: _____ N/A _____

        (2)  Date: _____

4.  WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

YES ( )  NO (✗)

If yes, explain: _____ N/A _____

_____

PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)   Ground one   The State court decision should not be presumed correct
Supporting facts (tell your story briefly without citing cases or law):

where Petitioner alleged he was denied his federally protected

rights and is being held unlawfully in state custody in violation

of the laws, treaties and the Constitution of the United States

where his detention violates fundamental liberties safeguarded

against state action by the federal constitution, Amendments 5,6,

and 14 where trial counsel provided ineffective assistance when

counsel fell to include in a timely filed post trial motion that

(See ground A(1))

(B)   Ground two   The State Court decision should not be presumed correct
Supporting facts:

where Petitioner alleged he was denied his federal protected

rights where he is being held unlawfully in state custody in

violation of law, treaties and the Constitution of the United

States where his detention violates fundamental liberties safe-

guarded against state action by the federal constitution, Amendments

5,6, and 14 where trial counsel provided ineffective assistance

when counsel failed to include in a timely filed post trial

motion that trial court failed to instruct the jury on all essential

elements of the charged offense. (See Ground B(1))

(C) Ground three    The State Court decision should not be presumed
    Supporting facts:

    correct where Petitioner alleged he was denied his federal protected

    rights where he is being held unlawfully in state custody in

    violation of law, treaties and the Constitution of the United

    States where his detention violates fundamental liberties safe-

    guarded against state action by the federal constitution, Amend-

    ments 5,6, and 14 where trial court erred and abused its' discretion

    in sentencing petitioner to a unlawful double enhanced sentence.  (con

(D) Ground four    The State Court decision should not be presumed correct
    Supporting facts:

    where Petitioner alleged he was denied his federal protected

    rights and is being held unlawfully in state custody in violation

    of law, treaties and the Constitution of the United States where

    his detention violates fundamental liberties safeguarded against

    State action by the federal Constitution, Amendments 5,6, an 14

    where trial counsel provided ineffective assistance of counsel

    where counsel failed to inform Petitioner that he represented
    (See D(1) ground continued)

2  Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES (X)   NO ( )

3. If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

                              N/A

Ground A(1)

improper prosecutorial comments during closing arguments denied Petitioner a fair trial.

The prosecutor argued that defendant denied making the confession and that "he wants you (jury) to take the word of a drug dealer over a police officer" and commented as to whether the police officers were going to risk their pensions and livelihood, which was objected to by defendant at trial. (Vol. VII, Tr. p. 74-77)

The law is clear, "A prosecutor cannot comment on the truth or falsity of a witness's testimony" because it invades the province of the jury and introduces a prosecutor as the thirteenth juror. The prosecution's comments on the truthfulness of police statements and defendant's was improper and prejudiced the defendant, affecting substantial rights of the defendant where the trial court did not provide cautionary instructions, in a case that depended on whether the jury believed the officers or defendant. The prosecution's improper arguments infected the trial with actions so fundamentally unfair as to make the resulting conviction a denial of due process.

The State court decision denying Petitioner's claim should not be presumed correct where, "the applicant was otherwise denied due process of law in the State court proceeding", nor frivolous and without merit where the claim is based on the trial court record and involves clearly established federal law as decided by the United States Supreme Court. And the appellate court's ruling of res judicata is not an independent or adequate state ground.

Ground B(1)

Trial counsel failed to include in a timely filed post trial motion that trial court failed to instruct the jury on all essential elements of the charged crime. People's instruction 16A was given over objection, which was a non IPI instruction based on 720 ILCS 570.405. 1(b) erroneously entitled (c) which states: "It is not a defense to the offense of criminal drug conspiracy that the person or person with whom the defendant is alleged to have conspired have not been convicted or are not amenable to justice." (Vol. II, C. 132, Supp R. 7-10)

The State court decision denying Petitioner's claim should not be presumed correct where, "the applicant was otherwise denied due process of law in the State court proceedings," nor does the denial of this claim involve a independent or adequate state ground, or frivolous and without merit because this claim is based on the trial court record and the basis for this claim involves clearly established federal law decided by the United States Supreme Court.

Trial counsel objected to this issue at trial but failed to include it in a timely filed post trial motion, and not trial strategy

This Court should review this issue also because fundamental fairness demands Petitioner, who is actually innocent of this crime has been denied review of a violation of his constitutional rights "cause" trial counsel was ineffective and prejudiced Petitioner denying him his right to appeal a constitutional error which denied Petitioner his right to a fair trial. Cause and prejudice are both present. Petitioner was otherwise denied due process of law in the State court proceeding.

Ground C(1)

The Illinois Supreme Court has held consistently that "an element that is inherent to the criminal offense for which the defendant has been tried and convicted cannot be used to also enlarge the term of imprisonment for the defendant's commission of the crime." Following that court's decision, the third district ruled, "it is well settled that a sentencing court cannot use a prior conviction to impose an extended term sentence and also to enhance the seriousness of the offense."

Petitioner was charged and found guilty of unlawful criminal drug conspiracy with prior conviction. Because of the prior conviction, the sentence carries 12 to 60 years in prison. However, counting the same prior conviction, Petitioner's sentence was enhanced to an additional 60 to 100 years of which Petitioner received 75.

The Federal Constitution recognizes double enhancement under the double jeopardy clause. Even the Seventh Amendment decries the re-examination of facts once tried in other courts. The facts underlying this claim is proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have sentenced Petitioner to an extended term of 75 years.

Also, in Illinois, the constitutionality of a sentence can be challenged at any time. So the State court decision denying this issue should not be presumed correct; where the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing.

Ground D(1)

state witness in a prior proceeding and prevented Defendant from his right to cross examine said witness at trial by telling Defendant he didn't have a right to confront his accuser in Illinois, thereby presenting a conflict of interest.

Petitioner's attorney labored under a conflict that adversely affected his performance. The State played a tape recording before the jury with Allen George talking to another person he knew. The tape was never verified independently of police. Petitioner has the right to confront the State's evidence, to inquire as to who was on the tape talking to Allen, had Allen ever seen the person on the phone befpre. The State was allowed to imply the worse, because against Petitioner's objections, his trial counsel told Petitioner he didn't have the right to face his accusors in Illinois and Petitioner being from another state was dependent upon his counsel's advise. The right to confront is fundamental in the United States, therefore when the state unlawfully finds ways to introduce evidence and prevent Petitioner from confronting the only witness who knew who was on the phone with Allen George.

The State court decision denying this issue should not be presumed correct where the merits of the factual dispute were not resolved in the State court hearing. Under the Illinois Post Conviction Hearing Act, a pro se defendant is not required to quote the  law or cite cases. Therefore Petitioner was not re-quired to allege a per se or actual conflict of interest as the appellate court ruled. Once Petitioner stated the gist of a violation, counsel was required to be appointed to amend the petition. The State Court decision was inaccurate.

(E) Ground five
     Supporting facts: The State Court decision denying this claim should not be presumed correct, nor does the state's ruling depend on independent and adequate state grounds where the circuit court failed to notify Petitioner of its ruling denying Petitioner's Supplemental Post Conviction Petition when Petitioner clearly alleged he was denied his federally protected rights and is being held unlawfully in state custody in violation of law, treaties and the Constitution of the United States, where Petitioner's detention violates fundamental liberties safeguarded against state action by the federal constitution, Amendments 5,6, and 14 where the prosecution gave false testimony to the jury concerning a material matter with a willful intent to provide false testimony rather than as a result of confusion, mistake or faulty memory,

     Petitioner contended that the prosecuting attorney told the jury that state witness Allen George would be prosecuted to the full extent of the law, but once away from Petitioner's jury, recommended probation at George's sentencing hearing. This willful deception of Petitioner's jury was for the sole purpose of misleading the jury into thinking Allen George was not given special treatment thereby creating a false sense of credibility on behalf of Allen George to Petitioner's jury. Therefore, the prosecution's false statements were material and intended to provide false testiomny and not as a result of confusion, mistake or faulty memory.

     This Court should review this issue because fundamental fairness demands Petitioner, who is actually innocent of this crime, has been denied review of a violation of his substantial constitutional rights to a fair trial, "Cause" is established

through trail counsel's ineffectiveness, his failure to object at trial and preserve this issue for review in a timely filed post trial motion; on an error that so affected the trial court proceedings, the resulting conviction can not be considered as producing a just result. "Prejudice" resulted from this error, where the prosecution's failure to truthfully inform the jury about the precise nature of Allen George's credibility, denying Petitioner his substantial right to a fair trial and due process through a fully informed jury on all material matters.

    (F) Ground six
      Supporting facts:  The State court decision denying this claim should not be presumed correct where the State court lacked jurisdiction over the person of the Petitioner in the State court proceeding, and the applicant was otherwise denied due process of law in the State court proceeding when the circuit court failed to notify Petitioner of its ruling denying his supplemental Post conviction Petition preventing Petitioner from filing a timely filed notice of appeal where; Petitioner alleged he was denied his federally procted rights where he is being held unlawfully in state custody in violation of law, treaties and the Constitution of the United States where his detention violates fundamental liberties safeguarded against state action by the federal constitution Amendments 5.6. and 14 where the court which rendered the judgment of conviction lacked personal jurisdiction of Petitioner and failed to act in accordance with due process of law

    Petitioner was arrested in California for this offense, the charges were dropped and defendant was held until transported to Illinois unlawfully without a hearing to expedite him to Illinois or

even a chance to protest extradition to Illinois. Petitioner has never been to Illinois before. And because personal jurisdiction requires effective service of process, a judgment is void when the requirements for effective service have not been satisfied.

This Court should review this issue because fundamental fairness demands Petitioner, who is actually innocent of this crime has been denied review of a violation of his substantial constitutional rights to Constitutional Due Process of Law. "Cause is established through trial counsel's ineffectiveness by counsel's failure to search the common law records, file the correct pretrial and post trial motion, preserving this issue for trial and appellate courts review. Trial counsel provided constructive ineffective assistance of counsel. Counsel's performance was deficient and his errors so serious that he was not functioning as the counsel guaranteed a defendant by the Sixth Amendment. "Prejudice" has resulted in Petitioner being denied his substantial right to Constitutional Due Process, without which Petitioner's conviction and sentence would have been considered void. Petitioner was unlawfully taken from California to be tried in Illinois without an expedition full and fair hearing.

(G) Ground seven
Supporting facts: The State Court decision denying this claim should not be presumed correct where Petitioner was denied due process of law in the State court proceeding. Where, the Circuit court failed to notify Petitioner of its ruling denying Petitioner's Supplemental Post Conviction Petition where, Petitioner alleged he was denied his federally protected rights and is being held unlawfully in state custody in violation of law, treaties

and the Constitutionof the United States where his detention
violates fundamental liberties safeguarded against state action
by the federal constitution, Amendments 5,6, and 14 where the
trial court committed manifest error where a juror tainted Peti-
tioner's jury for two (2) days who lied to get on the jury by
hiding the fact that she was the head State Attorney's sister in
law who for two days told the jury she knew Petitioner was guilty.
The trial failed to remove the tainted jury and continued proceed-
ings after removing only the tainting juror. The law requires in
order for a trial to be fair, the jury must be impartial and
untainted by improper influences.

This Court should review this issue because fundamental
fairness demands Petitioner, who is actually innocvcent of this
crime has been denied review of a violation of his constitutional
rights which resulted in his conviction. "Cause" is established
by trial counsel's deficient performance, and counsel's deficiency
prejudice the defense. Petitioner has a substantial right to an
fair and impartial trial untainted by improper influences.
However, trial counsel failed to move for a new jury, but merely
shruggerd his shoulders when defendant complained about allowing
the proceedings to continue with the tainted jury, refusing to
object and raise a constitutional issue that affected the entire
trial to such an extent, Petitioner's conviction cannot be considered
as producing a just result. Counsel failed to include this issue
in a timely filed post trial motion. "Prejudice" resulted from
Petitioner being denied the effective assistance of counsel and
his substantial right to a fair and impartial trial and due
process of law.

(H) Ground eight
    Supporting facts: The State court decision denying this
claim should not be presumed correct where the fact finding
procedure employed by the State court was not adequate to afford
a full and fair hearing, and the applicant was otherwise denied
due process of law in the State court proceeding, where the
circuit court failed to notify Petitioner of its ruling denying
Petitioner's supplemental Post Conviction Petition where, Petitioner
alleged he was denied his federally protected rights and is being
held unlawfully in state custody in violation of law, treaties
and the Constitution of the United States where his detention
violates fundamental liberties safeguarded against state action
by the federal constitution, Amendments 5,6, and 14 where trail
counsel provided ineffective assistance where his performance was
objectively unreasonable and fell below an objective standard of
reasonableness, where but for counsel's unprofessional error
the result of the trial court proceedings would have been different.

    Petitioner's trial counsel failed to object at trial and
included in a post trial motion to preserve for review by the
appellate court that:

    1. The drug evidence which formed the bases of Petitioner's
    conviction was lost in bad faith after defense counsel's
    request.

    2. Improper prosecution comments during closing arguments. 2

    3. Trial court failed to instruct the jury on all essential
    elements of the charged offense.

    4. Trial court abused it's discretion sentencing Petitioner
    to an unlawful double enhanced sentence.

    5. Counsel represented Allen in a prior proceeding presenting a

conflict of interest.

6. That the prosecution gave false testimony concerning a material matter that, Allen George would be prosecuted to the full extent of the law, but actually was given probation.

7. Where the trial court lacked persona jurisdiction and failed to act in accordance with due process.

8. Trial committed manifest error where a juror tainted Petitioner's jury for two (2) days who lied to get on the jury by hiding the fact that she was the head state attorney's sister in law who for two days told the jury she knew Petitioner was guilty.

9. That officer Trevor Stalets and Bolinger gave false testimony concerning deals arranged for Allen George.

10. Malicious prosecution by California police who falsified charges against Petitioner for filing and winning a civil suite for police brutality.

Because of Petitioner's consistent incarceration, no affidavits could be obtained, and because Stateville Correctional Center lost Petitioner's trial records and refuses to pay for their replacement, cites to the record could not be done. However, the state court decision denying Petitioner's  issues should not be presumed correct, where the circuit court failed to notify Petitioner that his Supplemental Petition was denied, nor was the issues in the original petition frivolous and without merit where all claim where based on the record, and therefore sound in fact and based on Supreme Court presedent, therefore having merit. Also, Petitioner's only requirement was to state the gist of a constitutional claim that was either supported by the record or affidavit, or a reason

why such supporting material was not supplied. Petitioner clearly stated in each issue why cites to the records or affidavits were not supplied.

Trial counsel was ineffective and his representation fell below an acceptable standard of reasonablenes by committing errors so seriously deficient, that they could not be considered sound trial strategy. Counsel's errors prejudiced the Petitioner's defense by denying Petitioner his substantial rights to a fair trial, the right to effective counsel, and due process of law.

Trial counsel's performance was objectively unreasonable and fell below an objective standard of reasonableness, counsel's performance was also deficient and his deficiency prejudiced the defense, therefore, but for counsel's unprofessional errors the result of Petitioner's trial would have been different, counsel provided ineffective assistance of counsel.

(I) Ground nine
Supporting facts: The State court decision denying this claim should not be presumed correct where, the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing persuant to the Post Conviction Hearing Act. Nor was this claim frivolous and patently without merit because the factual basis that formed each claim was taken from the record and supported by clearly established Supreme Court presedent. The appellate court's decision denying this claim for lack of jurisdiction is inaccurate because the circuit court failed to notify Petitioner it denied his supplemental petition. As state law requires, Petitioner stated the gist of a constitutional meritorious claim. The circuit court has failed to inform Petitioner

that it denied Petitioner's Supplemental Petition, denying Petitioner his state created right to appeal.

However, Petitioner clearly alleged he was denied his federally protected rights and is being held unlawfully in state custody in violation of law, treaties and the Constitution of the United State, where Petitioner's detention violates fundamental liberties safeguarded against state action by the federal constitution, Amendments 5,6, and 14 where appellate counsel's performance was objectively unreasonable and fell below an objective standard of reasonableness, Appellate counsel's performance was deficient and his deficiency prejudiced the defense, and but for counsel's unprofessional errors, the result of Petitioner's appeal may have been different. Appellate counsel provided ineffective assistance of counsel.

Petitioner contended that Appellate Counsel was ineffective for failing to raise the ineffective assistance of trial counsel on appeal. This affected the appellate court's ruling and causing the appellate court to conclude that Petitioner had forfeited the right to raise the claim in this petition. Had appellate counsel raised the ineffectiveness of trial counsel for failing to properly preserve herein issue for review. Counsel knew the law requires a defendant to both object to the purported error at trial and include it in his written post trial motion that:

1. That drug evidence was lost in bad faith, preventing the defense from conducting it's own test of the evidence and holding the prosecution's case to an adversarial testing.

2. Improper prosecution comments during closing arguments.

3. Failure to instruct the jury on essential elements of the crime charged.

4. TRial court sentenced Petitioner to an unlawful double enhancement.

5. Trial counsel represented a conflict of interest.

6. Prosecution knowingly gave false testimony about Allen George's prosecution to the jury.

7. Trial court lacked jurisdiction and failed to act in accordance with due process of law.

8. The manifest error of trial court allowing a juror to taint Petitioner's jury for two days.

9. Officer Stalets and Bolinger gave false testimony concerning deals arranged for Allen George.

10. Malicious prosecution by California police who falsified charges against Petitioner for filing and winning a civil suite for police brutality.

The trial court's order denying Petitioner's Petition for Post conviction relief as frivolous and without merit was inaccurate, contrary to and an unreasonable application of clearly established federal law and should not be presumed correct nor was the decision adequately based on state law or independent of federal law where petitioner alleged violations of his 5,6, and 14 Amendment rights.

Petitioner's issues of improper remarks and jury instructions denied by the appellate court was inaccurate where on direct appeal, counsel failed to alleged a violation of Petitioner's federal constitutional rights, essentially waiving Petitioner's appeal after defendant appealed his conviction, therefore, because Petitioner never challenged the constitutionality of those claims, the issues cannot be considered res judicata because the same controling factor  and legal principles did not exist.

Nor was the appellate court's decision adequate in state law where the application of res judicata to a post conviction petition in the first stage of review not regularly followed. The application of res judicata in the first stage has been repeatedly held by the Illinois Supreme Court to be a violation of the statute and can only by used by the state as an affirmative defense in the second stage after counsel is appointed.

Appellate court's order denying Petitioner's sentencing issue as forfeited because appellate counsel failed to raise an obvious issue is inaccurate and incomplete where state law does not allow use of a prior conviction to enhance the crime and the sentence as held by Illinois Supreme Court, and also allows a challenge to the constitutionality of a sentence at any time, either directly or collaterally, and failur to challenge on direct review in not considered waived.

This claim too, was raised as a violation of federal law and is not independent of federal law, and because the Illinois Supreme court has consistantly upheld challenges to the constitutionalaty of a sentence at any time, the state court's ruling not adequately based on state law. A sentence that does not conform to statutory authority is fundamentally unfair and violates the due process clause.

The appellate court's order denying Petitioner's ineffective assistance of counsel claim was contrary to clearly established federal law where the Sixth Amendment right to counsel is the right to conflict free representation. Nor was the state's decision independent of federal law where Petitioner clearly raised his challenge under the United States Constitution.

Nor was the court's decision adequately based on state law because the court reached the merits of this claim. And the court's ruling was inaccurate because Petitioner alleged in the trial court a conflict of interest which motivated trail counsel not to confront the only state witness who's testimony was introduced at trial as a co-conspiritor and Petitioner denied knowing or ever talking to Allen George.

Petitioner has a substantial right to confront his accusers. This right is so fundamental that a denial of the right to confront is so lacking in fundamental fairness that it violates the Federal Constitution's right to Due Process and prejudice is presumed. An error of this magnitude undermines the structure of the trial process and is considered a structural error and defies harmless error analysis. A conviction had on such evidence can not be relied upon as producing a just result.

The appellate court abscribed the type of conflict, then argued against its' own assersion, then rules Petitioner's claim is forfieted because he didn't allege an actual conflict. This is inaccurate.

In the trial court, Petitioner actually alleged a conflict of interest. This stated the gist of a constitutional claim because under Illinois law, a pro se defendant is not required to make legal arguments, or cite case law. Therefore, the appellate court's denial is inaccurate, not independent of federal law or adequately based on state law because the appellate court seeks to hold Petitioner to a higher standard of review than is required under the Post Conviction Hearing Act.

The Appellate Court's decision not to address Petitioner's Supplemental Postconviction Petition based on lack of jurisdiction is inaccurate where Illinois Supreme Court rules for criminal appeals not only require a defendant must comply with Supreme Court Rule 606(b) by filing a notice of appeal, but requires a trial court to not only notify a defendant of its denial, but that it must notify a defendant within thirty (30) days of its denial. And that when a trial court has so failed to do, the appellate court is required by law to remand the petition back to the trial for further proceedings

Therefore, the appellate court's decision failing to address Petitioner's supplemental petition was inaccurate and not adequately based in state law. Nor was Petitioner's claims independent of federal law where Petitioner clearly alleged in each claim a violation of his 5.6. and 14 United States Constitutional rights and citing to federal law in each claim.

The appellate court's decision was contrary to clearly established federal law where a state court is obligated under Article 3 of the U.S. Constitution recognized that the federal constitution is the Supreme Law. That when a citizen alleges a violation of his constitutional rights, a court's rules do not take precedent.

The State court's ruling is incomplete where the trial court failed to notify defendant that his supplemental petition was denied, or the basis for said denial. Once again, the appellate court held Petitioner to a different standard than Illinois law requires, and denied Petitioner Due Process of law and a fair hearing.

(J) Ground ten
     Supporting facts:  The State appellate court and trial
court's decision denying Petitioner's Supplemental petition
should not be presumed correct where the trial court failed to
notify Petitioner that his supplemental petition was denied,
allowing for filing of notice of appeal. This error is a violation
of Supreme Court rule 651, which requires the circuit court's in
Illinois to notify defendants of their decisions. Therefore, the
appellate court's ruling that it lacked jurisdiction to here the
claims was incorrect and denied Petitioner due process under
state law.

     Petitioner clearly alleged that he was denied his federally
protected rights where he is being held unlawfully in state
custody in violation of law, treaties and the constitution of the
United States where his detention violates fundamental liberties
safeguarded against state action by the federal constitution
Amendments 5,6, and 14, where Officer Stalets and Bolinger gave
false testimony concerning material matters with a willful intent
to provide false testimony, rather than as a result of confusion,
mistake or faulty memory, and knowingly committed perjury to the
jury.
This claim is clearly federal and independent of state law, and
cannot be denied adequately under state law because a claim that
a citizen's federal constitutional rights have been violated is
protected by the Supremacy clause of Article 3. However, the
trial and the appellate court failed to address the issue using
clearly established federal law.

     A claim that witnesses testified falsely before the jury on

the material mater of whether George Allen was given a deal for his cooperation, when the record show that the officer's did claim that  Allen George wasn't given any deals, is not frivolous or without merits. Court's have consistantly held that deals made with a co-defendant is material and must be revealed to the defense and the jury. This claim is clearly based in law and had support in the record. And perjury on a material matter is a violation of the  Due Process clause of the 14 Amendment and therefore for meritorious.

Allen George was allowed to give evidence against Petitioner, but the defense wasn't allowed to question him or bring his credibility into question by the deal he received for his co-operation for probation. So the Appellate court's refusal to address this issue because the appellate court failed to notify Petitioner of it's denial was inaccurate and incomplete, and was not adequately based in state law or independent of the federal question, but a denial of Petitioner's right to redress his grievance.  Perjury is so lacking in fundamental fairness, that it violated the due process clause, and a conviction had upon such evidence cannot be relied upon as having produced a just result.  Petitioner must be given an evidentury hearing.

(K) Ground eleven
Supporting facts:  The State Appellate Court and trial court's decision denying Petitioner's supplemental petition should not be presumed correct where the trial court failed to notify Petitioner that his supplemental petition was denied, allowing Petitioner to file a notice of appeal. This error is a violation of Supreme Court Rule 651, which requires the circuit

court's in Illinois to notify defendant's of their decision
within thirty (30) days of ruling. Therefore the appellate court's
ruling that it lacked jurisdiction to here the claims in Petitioner's
supplemental petition was inaccurate and incomplete and denied
Petitioner procedural due process under state law and cannot be
considered adequately based on state law.

Petitioner clearly alleged that he was denied his federally
protected rights where he is being held unlawfully in state
custody in violation of law, treaties and the Constitution of the
United States where his detention violates fundamental liberties
safeguarded against state action by the Federal Constitution
Amendments 5,6, and 14 where California police falsified the
evidence against him to maliciously prosecute Petitioner.

Petitioner filed a law suite against the San Bernadino,
California police for brutality when officers maliciously and
sadisticly beat Petitioner. Petitioner filed a complant under the
Civil Rights Act and was rewarded a substantial sum. Agents from
the same office presented unsupported material evidence against
Petitioner. The jury had a right to know any possible motive that
a witness might have to testify falsely.

Each of the paragraphs in this complaint is incorporated as
if restated fully herein. Therefore, Petitioner request the
appointment of counsel and a evidentuary hearing.

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____ Asher Geisler _____

(B) At arraignment and plea _____ Same _____

(C) At trial _____ Same _____

(D) At sentencing _____ Same _____

(E) On appeal _____ Michael J. Costello Appellate Defender's Office

(F) In any post-conviction proceeding _____ Pro Se _____

(G) Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ☒

Name and location of the court which imposed the sentence: _____ N/A _____

Date and length of sentence to be served in the future _____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _12-24-07_          _Pro Se_
          (Date)                    Signature of attorney (if any)


        I declare under penalty of perjury that the foregoing is true and correct.

        _Melvin Jarlow_
        (Signature of petitioner)
        _K92694_
        (I.D. Number)
        _P.O. Box 112 Joliet, Ill. 60434-0112_
        (Address)

REVISED 01/01/2001