IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> MELVIN FARLOW, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TERRY MCCANN, Warden, ) <br> Stateville Correctional Cnt., ) <br> ) <br> Respondent. ) <br> ) | FILED <br> MAY 0 5 2008 <br> CLERK OF THE COURT <br> U.S. DISTRICT COURT <br> CENTRAL DISTRICT OF ILLINOIS <br><br> No. 08-2001 <br><br> The Honorable <br> Michael P. McCuskey, <br> Judge Presiding. |

## RESPONSE TO RESPONDENT'S
## MOTION TO DISMISS

**NOW COMES** the Petitioner, Melvin Farlow, in response to Respondent's Motion to Dismiss, pursuant to Rule 4 of the rules governing §2254 cases in the United States District Courts 28 USC § 2244(d)(1)(a) and the courts order of February 22, 2008, and states as follows:

1) Petitioner's § 2254 petition should not be dismissed as time barred under 28 USC § 2244(d)(1) because petitioner is entitled to equitable tolling where petitioner has practiced due diligence in pursuing his substantial federal constitutional rights, but was misinformed as to the law governing time limits under the provision of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 USC § 2244(d)(1), by two inmates at Statevillle

      C.C., after discovering his family would not pay for an attorney to represent him.

2) Petitioner asked inmate Ricky Irby Sr. to prepare and file a P.C. Petition in August of 2003 because Irby had filed his own petition and was aware of the laws governing the Illinois Post Conviction Hearing Act.

3) Inmate Irby failed to prepare Petitioner's petition in a timely manner and recommended inmate Donald Lee McDonald after ten months.

4) Inmate McDonald then filed Petitioner's P.C. on June 1, 2004 but failed to tell Petitioner as to the law governing Habeas Corpus time limits (see attached affidavit)

5) Petitioner diligently sought help of others in preparing his petition in order to file his Habeas Corpus Petition before this Court but was misinformed.

6) Petitioner did properly file a State P.C. Petition on June 1 2004, 301 days after his conviction became final only because petitioner had to depend on inmates for help after his family couldn't afford to pay for an attorney.

7) Petitioner is a citizen of the State of California and has no knowledge of Illinois laws and procedures, and knows no one in Illinois, places Petitioner in "extraordinary circumstances" justifying equitable tolling. <u>Artuz v Bennett, 531 U.S. 4,8,11, 121 S.Ct 361</u>

8) Petitioner did however have sixty four days left to file

his federal petition after the Illinois Supreme Court denied review. But again had to depend on the advice of of another inmate unskilled in the law for advice who informed petitioner about his right to file a federal habeas petition, but neglected to search petitioner's case history and determine that Farlow only had sixty-four days left after State's Supreme Court ruling to file a federal petition(see attached affidavit).

9) As Respondent points out, § 2244(d) limitation period may, in extraordinary circumstances, be subject to equitable tolling, <u>Williams v Sims,</u> 390 F.2d 958,959(7th Cir.2004)

10) Because Petitioner has consistantly and diligently sought assistance to present his claim before the Courts, petitioner has shown due diligence, and because petitioner has written numerous letters seeking pro bono help, to no avail, and was forced to depend on two different inmates, unskilled in the law for help and legal advice, created extraordinary circumstances which should entitle petitioner to equitable tolling.

11) Because Rule 4 governing § 2244 cases and this Courts February order directing Respondent to file a Motion to Dismiss alleging time limit violation, the Respondent's argument is an affirmative defense which requires Petitioner to respond.

12) Therefore petitioner was not required to demonstrate due diligence or offer an excuse for delay in filing his Federal Habeas Petition after the proceedings were no longer pending

in State Court until the Respondent first raised the issue, or waived this argument all together.

13) Petitioner in response to Respondent's Motion to Dismiss on timeliness basis now replies that he has diligently sought assistance in filing his P.C. Petition timely and was prevented from timely filing a habeas corpus petition due to lack of adequate legal counsel and being misinformed as to the law by unskilled inmates.

14) Also due to institutional policy, inmates at Stateville are not allowed to have another inmates legal property, and therefore is prevented from assisting other inmates in preparing legal documents, creating additional extraordinary circumstances independent of Petitioner and is State interference.

15) Because petitioner's late filing was not due to petitioner's culpable negligence, this Court should excuse the lateness of Petitioner's petition because fundamental fairness demands it.

16) Fundamental fairness demands relaxation of the timeliness issue becuase the Petitioner was misinformed as to the law after diligently seeking help in bringing substantial violations of Petitioner's Constitutional rights.

**WHEREFORE** this Court shoulddeny Respondent's Motion to Dismiss and decide Petitioner's petition on the merits as did the State Court.

Respectfully Submitted,

*Melvin Farlow*
Melvin Farlow K92694

## CERTIFICATE OF SERVICE

I hereby certify that on *April 29th*, 2008, I filed a **RESPONSE TO RESPONDENT'S MOTION TO DISMISS** with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division. And I hereby certify that on that same date, I mailed by united states mail the above referenced motion to the following parties:

Lisa Madigan
Attorney General of Illinois

Eric W. Truett
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Il. 60601-3218

Respectfully Submitted,

*Melvin Farlow*
Melvin Farlow
K-92694
P.O. Box 112
Joliet, IL. 60434

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL   )

## AFFIDAVIT

I, Melvin Farlow, being duly sworn under oath, depose and state that the foregoing is true and correct, and made up on my personal knowledge, and I am competent to testify to the following;

1) That I am the Petitioner in the foregoing motion in Reply to Respondent's Motion to Dismiss.

2) That since my conviction, I have maintained my innocence and sought help diligently in pursuing violations of my Federal Constitutional Rights.

3) That I am not informed as to the law governing habeas corpus proceedings.

4) That because I can not afford to hire an attorney due to my poverty, I have consistantly asked for help from college's and pro bono law firms to no avail.

5) That because I am a citizen of California and know no one in the State of Illinois, I had to ask inmates Ricky Irby Sr. and Donald Lee McDonald to file my Post Conviction Petition and current Habeas Corpus Petition.

6) That I was appointed counsel before the Illinois Appellate Court and motioned this Court for appointment of counsel.

7) That because I could not afford counsel to assist me, I was mislead by Irby and McDonald as to the time limits for filing my petition.

8) That because I consistantly sought help to challenge violations of my Federal Constitutional Rights, my habeas petition, now late, is not due to my culpable negligence.

9) That I was not careless of the time limit of §2244(d)(1) nor is my lateness intentional.

10) That the court should forgive my late filing, accept my deepest apology.

*Melvin Farlow* (affiant)
Reg.# K-92694
P.O. Box 112
Stateville C.C.
Joliet, IL  60434

SUBSCRIBED TO AND SWORN
TO BEFORE ME ON THIS
29th DAY OF April
2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
EDMUND BUTKIEWICZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/12/2009

STATE OF ILLINOIS )
                  )SS
COUNTY OF WILL    )

## AFFIDAVIT

That I Donald Lee McDonald, being duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge, and I am competent to testify to the following:

1. That on or around May 25, 2004, Ricky Irby my former cell mate asked me if I could prepare a post conviction for Melvin Farlow, one of his Christian brothers.

2. That Farlow's time limit to file his post conviction petition was just about up in a few days.

That I spoke to Melvin Farlow and agreed to file his petition and completed it on June 1, 2004.

4. That when I prepared his petition, I forgot to inquire about how much time he had left to file his federal habeas petition and failed to inform him that because his post conviction petition was so late, he only had sixty four days left to file his federal petition after the Illinois Supreme ruled on his petition.

5. That Farlow told me that he was from California and knew nothing about Illinois law and deeded me to help him.

6. That his habeas petition is now late because after informing Mr. Farlow about his right to file a Federal Habeas Corpus Petition I did not diligently check his case history and insure that Melvin Farlow knew he had sixty four days left on his federal limit.

7. That Melvin Farlow consistently talked to me about his case on almost a daily basis.

8. That on March 1, 2007, Melvin Farlow told me that the Illinois Supreme Court had denied his appeal and asked me to prepare and file his federal habeas petition for him.

9. That I agreed to prepare his petition but did not rush because I still had not checked his case history and mistakenly believed that time was not relevant.

10. That on December 24, 2007 I completed Farlow's petition.

11. That because Melvin Farlow asked me to prepare his petition and depended on my knowledge of the law, I do not believe he should be held culpable for his late filing of his federal Habeas Corpus Petition.

12. That because Farlow inquired of me consistantly in preparing his petition, diligently seeking to prove his innocents which he has said to me and anyone that would listen, including people that I don't think he knew.

13. That Farlow's petition being late is not due to culpable negligence, but mine since I had filed my own federal petition prior and knew the law but failed to infrom Mr. Farlow.

*Donald L. McDonald*
(Affiant)    #N23082

Subscribed and sworn to before me
This 29th day of April 2008.

*Edmund Butkiewicz*
NOTARY PUBLIC

OFFICIAL SEAL
EDMUND BUTKIEWIC[...]
NOTARY PUBLIC - STATE OF ILL[...]
MY COMMISSION EXPIRES 10/1[...]

STATE OF ILLINOIS )
                  )SS
COUNTY OF WILL    )

## AFFIDAVIT

I Ricky Irby Sr., being first duly sworn, depose and state that the following is true and correct, except as to matters herein made upon my belief, and as to such matters I certify that I believe the same to be true:

1. That I lived three cells down from Melvin Farlow in August of 2003.

2. That Mr. Farlow asked me if I knew anyone who could prepare his Post conviction Petition.

3. That his family tried to hire an attorney but the couldn't afford the fifteen hundred the attorney wanted.

4. That I told him I would prepare his petition for him but I was busy and would get back to him before his time limit to file expired.

5. That because I mistakenly thought as long as I filed his petition timely in state court, the federal time limit would not start, I did not rush to prepare his petition and told him he had plenty of time.

6. That after waiting several months, I thought it best that some one else prepare his petition because I had allowed his time to prepare his petition run almost out.

7. That on or around May 2004 I introduced Mr. Farlow to my cell mate Donald Lee McDonald who agreed to prepare his petition immediately.

8. That neither I or as far as I know, Mr. McDonald were paralegals, but were studying to prepare our own petitions.

9. That I also eventually asked McDonald to prepare my own petition.

10. That it was my fault that it took from August of 2003 to June 1, 2004 for Mr. Farlow to file his post conviction petition in a timely matter.

11. That had I understood the law, I would not have mislead Farlow into thinking he had more time than he actually did.

                                                                         _Ricky Orby_ #B04322
                                                                        (Affiant)

Subscribed and sworn to before me
This 29th day of April, 2008

_Phyllis Baker_
NOTARY PUBLIC

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011