IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>MELVIN FARLOW,<br><br>Petitioner,<br><br>v.<br><br>TERRY MCCANN, Warden,<br>Stateville Correctional Center,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) No. 08-2001<br>)<br>)<br>) The Honorable<br>) Michael P. McCuskey,<br>) Judge Presiding. |

**REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

1.　Respondent TERRY MCCANN has moved to dismiss petitioner's Petition for Writ of Habeas Corpus because the petition is untimely under 28 U.S.C. § 2244(d)(1)(A). (Doc. 8). In his response, petitioner concedes that the petition is untimely but identifies three putative bases for equitable tolling: (1) his inability to afford counsel (Doc. 11 at 2); (2) his unfamiliarity with Illinois law (*id.* at 2); and (3) misrepresentations and errors by fellow inmates who assisted petitioner in filing the instant habeas petition. (*Id.* at 2-3). This Court should dismiss the instant petition with prejudice because the petition is untimely, and none of the putative grounds identified by petitioner are sufficient to warrant equitable tolling.

2.　Federal limitations periods are "customarily subject to 'equitable tolling' unless tolling would be inconsistent with the text of the relevant statute."

*Young v. United States*, 535 U.S. 43, 49-50 (2002). The text of 28 U.S.C. § 2244(d) contains its own tolling rules, and it is an open question whether those rules preclude the application of equitable tolling principles. *See, e.g., Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *see also Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Assuming that equitable tolling survives § 2244, its availability is sharply constrained because the rules set forth in § 2244(d)(1) closely track traditional equitable tolling principles. *See, e.g., Williams*, 390 F.3d at 962.

      3.    Under the common law doctrine, equitable tolling is only available if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See, e.g., Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960 (doctrine of equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period.") (emphasis added); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (equitable tolling only available where "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition"). It is not enough that someone had difficulty meeting the statutory deadlines — some external impediment must have prevented timely filing. *Williams*, 960 F.3d at 963 (noting that contrary rule would mean that "statutes of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have

good, or perhaps any, lawyers"). Given these sharp constraints, it is unsurprising that "'[e]quitable tolling is rarely granted.'" *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) (quoting *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006)).

4. Petitioner did not diligently pursue his rights. He was convicted in December 2000 and his conviction was affirmed on July 15, 2003. (Doc. 8 at 2). Even crediting petitioner's explanation that he needed additional time to obtain assistance and acquaint himself with Illinois law, (Doc. 11 at 2-3), he still had two-and-one-half years following his conviction to prepare a postconviction petition or a federal habeas petition. (Doc. 8 at 2). Petitioner waited an additional year following the state appellate court's decision to file a postconviction petition. (*Id.*). After his postconviction petition was no longer pending, he waited an additional eleven months to file a federal habeas petition. (*Id.*). These multiple delays at multiple points in time belie any claim that petitioner diligently pursued his rights. *See, e.g., Balsewicz v. Kingston*, 425 F.3d 1029, 1034 (7th Cir. 2005).

5. Petitioner was not prevented from timely filing by extraordinary circumstances beyond his control. *See, e.g., Gildon*, 384 F.3d at 887. Petitioner's putative bases for equitable tolling derive from the implicit assumption that he is not responsible for the errors and alleged malfeasance by his fellow inmates and/or the prison law clerks because those persons were acting as petitioner's pseudo-attorneys. (*See* Doc. 11 at 2-3). However, it is an oft-repeated maxim that an attorney's mistake does not warrant equitable tolling. *See, e.g., Lawrence*, 127 S.Ct. at 1085; *accord Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005). The rationale

for this accepted principle is that, under agency law, an attorney's acts are imputed to the plaintiff, and thus do not qualify as an external impediment to timely filing. *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003). It is immaterial whether the attorney's "mistake" was the result of statutory ambiguity, forgetfulness, malpractice, or incapacity – in each case, the plaintiff is held "responsible for his attorney's bungling." *Id.* The same reasoning applies to a pro se inmate who seeks the advice or assistance of a fellow inmate or a prison law clerk — any such errors are attributable to the inmate and do not qualify as "extraordinary circumstances beyond control" or an "external impediment" to timely filing. *See, e.g., Williams*, 390 F.3d at 963.

6.  According to petitioner, the fact that he is a citizen of the State of California, and thus has no knowledge of Illinois law, is an "extraordinary circumstance" warranting equitable tolling. (Doc. 11 at 2). Petitioner has not identified "unique circumstances," as many Illinois residents, inmates or not, are unfamiliar with Illinois law and procedures, and such unfamiliarity is not grounds for equitable tolling. *See Williams*, 390 F.3d at 963. Furthermore, petitioner's argument misconstrues "extraordinary circumstances" as that term is used in the equitable tolling context. *Williams* teaches that the relevant inquiry is not whether a circumstance is factually novel but rather whether an external impediment *prevented* the prisoner from timely filing his petition. *See, e.g., Williams*, 390 F.3d at 960; *see also Gildon*, 384 F.3d at 887. Even if petitioner's out-of-state incarceration were factually novel, it is not an external impediment to timely filing.

7. In summary, petitioner has not demonstrated diligence in pursuing his rights nor has he shown an external impediment to timely filing. Consequently, equitable tolling is unavailable and the petition is untimely.

2:08-cv-02001-MPM-DGB   # 13   Page 5 of 7

## Conclusion

Based on the foregoing, and for the reasons set forth in his April 17, 2008 motion to dismiss, this Court should dismiss the instant petition for writ of habeas corpus with prejudice. Should this Court deny respondent's motion to dismiss, respondent requests 30 days from the date of the Court's order to address the merits and/or procedural defaults of the claims in a subsequent submission.

May 12, 2008                              Respectfully submitted,

                                          LISA MADIGAN
                                          Attorney General of Illinois

                                    By:   s/Eric W. Truett
                                          ERIC W. TRUETT, Bar # 6291213
                                          Assistant Attorney General
                                          100 W. Randolph Street, 12th Floor
                                          Chicago, Illinois 60601-3218
                                          PHONE: (312) 814-4684
                                          FAX: (312) 814-2253
                                          E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on May 12, 2008, I electronically filed respondent's **REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS** with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system; and I hereby certify that on the same date, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Melvin Farlow, K92694
Route 53
P.O. Box 112
Joliet, Il 60434

                                    LISA MADIGAN
                                    Attorney General of Illinois

                By:    s/Eric W. Truett
                        ERIC W. TRUETT, Bar # 6291213
                        Assistant Attorney General
                        100 W. Randolph Street, 12th Floor
                        Chicago, Illinois 60601-3218
                        PHONE: (312) 814-4684
                        FAX: (312) 814-2253
                        E-MAIL: etruett@atg.state.il.us