UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MELVIN FARLOW, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 08-2001 |
| v. ) | |
| ) | |
| ) | |
| TERRY MCCANN, Warden ) | |
| ) | |
| Respondent. ) | |

## OPINION

On January 2, 2008, Petitioner, Melvin Farlow, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1). On Thursday April 17, 2008, Respondent, Terry McCann, filed a Motion to Dismiss (#8) and supporting exhibits.  On May 5, 2008, Petitioner filed a Response to the Motion to Dismiss (#11).  On May 12, 2008, Respondent filed a Reply in Support of Respondent's Motion to Dismiss (#13).

This court has carefully considered Respondent's Motion to Dismiss and Petitioner's Response.  Following this careful review, this court agrees with Respondent that the Petition filed in this case is untimely. Accordingly, Respondent's Motion to Dismiss (#8) is GRANTED and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) filed by Petitioner, Melvin Farlow, is dismissed as untimely.

## BACKGROUND

In December 2000, Petitioner was convicted of criminal drug conspiracy with a prior conviction of possession for sale of a controlled substance and was sentenced to 75 years' imprisonment.   On July 25, 2003, the state appellate court affirmed the conviction and sentence.

Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court.

On June 1, 2004, Petitioner filed a petition for post-conviction relief in the circuit court of Macon County. On June 22, 2004, the circuit court dismissed the petition as frivolous and patently without merit. The appellate court affirmed the summary dismissal of Petitioner's petition for post-conviction relief on October 13, 2006. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which denied the petition on March 1, 2007.

As previously noted, Petitioner subsequently filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) on January 2, 2008. In his Petition, Petitioner raised numerous claims, including that his trial counsel was constitutionally ineffective and that Petitioner's sentence was an unconstitutional double enhancement. On April 17, 2007, Respondent filed a Motion to Dismiss (#8). Petitioner filed his Response (#11) on May 5, 2008 and Respondent filed a Reply in Support (#13) on May 12, 2008.

## ANALYSIS

In his Motion to Dismiss (#8), Respondent argues that Petitioner's Petition must be dismissed as untimely. This court agrees.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, applies to this case. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody. 28 U.S.C. § 2244(d)(1); see also Allen v. Siebert, ____ U.S. ____, 128 S. Ct. 2 (2007). Section § 2244(d)(1) provides that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

2244(d)(1)(A).  Here, Respondent is correct that Petitioner's conviction became final August 5, 2003, 21 days after the state appellate court's decision on direct appeal, when time expired to file an appeal to the Illinois Supreme Court.  See Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002).  Thus, the one-year period of limitations for Petitioner to file a timely § 2254 petition ended August 5, 2004.

However, because Petitioner properly filed a state post-conviction petition on June 1, 2004, the time is tolled, pursuant to 28 U.S.C. § 2244(d)(2), between that date and January 24, 2007, the date on which the Illinois Supreme Court denied his post-conviction PLA.  Between the date Petitioner's conviction became final on August 5, 2003 and the filing of the post-conviction petition on June 1, 2004, 301 days elapsed.  After the tolling period ended on January 24, 2007, Petitioner allowed another 334 days to pass before filing his habeas corpus petition.  In total, the petition was filed 635 days after the limitations period began, not including time properly tolled.  Thus, this court agrees with Respondent that the habeas petition must be found to be untimely.

Petitioner has argued that the motion to dismiss should not be granted because he was hampered by his inability to afford effective counsel, was unfamiliar with Illinois law, and was misled by misrepresentations about the law made to him by fellow inmates. Petitioner thus contends that his petition should not be dismissed as time-barred because he is entitled to equitable tolling due to these impediments.  Equitable tolling is proper "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007), citing Arrieta v. Battaglia, 461 F.3d. 861, 867 (7th Cir. 2006).  A plaintiff must also have been pursuing his rights diligently in spite of these

extraordinary circumstances. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). While the Seventh Circuit has noted that equitable tolling may apply to § 2244, the court has repeatedly rejected such claims, noting that "[w]e rarely deem equitable tolling appropriate–in fact we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." <u>Modrowski v. Mote</u>, 322 F.3d 965, 967 (7th Cir. 2003).

The Seventh Circuit has held, moreover, that attorney negligence or incapacity is not enough to justify applying equitable tolling, and that a prisoner bears the ultimate responsibility for his own filings. <u>Modrowski</u>, 322 F.3d at 968; <u>see also</u> <u>Lloyd v. Van Natta</u>, 296 F.3d 639, 633 (7th Cir. 2002) (prisoner's lack of access to trial transcript does not warrant equitable tolling); <u>Montenegro v. United States</u> 248 F.3d 585, 594 (7th Cir. 2001)(equitable tolling not justified by language barrier, lack of legal knowledge and transfer between prisons).  In this case, the burden was on Petitioner to ensure that his petition was timely filed.  This court sees no extraordinary circumstances which would justify applying equitable tolling to the statue of limitations.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss (#8) is GRANTED.  Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) is dismissed as untimely.

(2) This case is terminated.

ENTERED this 28th day of May, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE