## SEVENTH CIRCUIT APPEAL INFORMATION SHEET

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.*

District: CENTRAL DISTRICT OF IL.            Docket No.: 08-2001

Division: DANVILLE/URBANA

*Plaintiff (Petitioner)*   Short Caption   *Defendant (Respondent)*

MELVIN FARLOW                  v.            TERRY MCCANN

---

**Current Counsel for Plaintiff (Petitioner):**        **Current Counsel for Defendant (Respondent):**

*(Use separate sheet for additional counsel)*

| | |
|---|---|
| Name: Melvin Farlow | Name: Eric Truett |
| Firm: K 92694 | Firm: IL. ATTORNEY GENERAL |
| Address: P. O. Box 112 | Address: 12th Fl., 100 W Randolph St |
| Joliet, IL   60434 | Chicago, IL   60601 |
| Phone: | Phone: 312-814-4684 |

---

| | |
|---|---|
| Judge: MICHAEL P. MCCUSKEY | Nature of Suit Code:  530 |
| Court Reporter: NONE | Date Filed in District Court: 1/2/08 |
| | Date of Judgment: 5/28/08 |
| | Date of Notice of Appeal: 6/23/08 |

Counsel:  ___Appointed        ___Retained   _X_ Pro Se

Fee Status:   ___Paid    _X_Due       ___IFP       ___IFP Pending     ___U.S.       ___Waived

*(Please mark only 1 item above)*

Has Docketing Statement been filed with the District Court's Clerk's Office:      ___Yes       ___No

If 28 U.S.C. §2254 or 28 U.S.C. §2255, was certificate of appealability: ___granted;___denied;___pending

If certificate of appealability was granted or denied, what is the date of the order: _____

If Defendant is in Federal custody, please provide United States Marshal number (USM#): _____

**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

they are Filming A Movie here in Stateville, because of the Movie we can not go to the Law Library. The Movie is more important then our Freedom.

Time 8:40 PM
Date 6-17-08 Tuesday
Place Stateville Prison Max      C-643
Inmate Melvin Farlow K92694
Case No. 08-2001
We Are on Lock Down.

**FILED**
JUN 20 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Your Honor McCuskey, How are you doing? Fine I pray. I would like to ask your permission for a Certificate of Appealability. Can you please send me the Form for a Certificate of Appealability, and also the Address to send it to? Thank You.
Your Honor McCuskey, will you please give me, Allow me permission to file a Certificate of Appealability? The prison I'm in is on Lock Down, we can not go to the Law Library they are Filming A Movie here with Actor Johnny Depp. Can you please give me more time? I don't know when we are coming off this Lock Down. Thanks for your Time.

Thank You
God Bless
Sincerely
Mr Farlow K92694

E-FILED
Wednesday, 28 May, 2008 04:25:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MELVIN FARLOW, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 08-2001 |
| v. ) | |
| ) | |
| ) | |
| TERRY MCCANN, Warden ) | |
| ) | |
| Respondent. ) | |

OPINION

On January 2, 2008, Petitioner, Melvin Farlow, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1). On Thursday April 17, 2008, Respondent, Terry McCann, filed a Motion to Dismiss (#8) and supporting exhibits. On May 5, 2008, Petitioner filed a Response to the Motion to Dismiss (#11). On May 12, 2008, Respondent filed a Reply in Support of Respondent's Motion to Dismiss (#13).

This court has carefully considered Respondent's Motion to Dismiss and Petitioner's Response. Following this careful review, this court agrees with Respondent that the Petition filed in this case is untimely. Accordingly, Respondent's Motion to Dismiss (#8) is GRANTED and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) filed by Petitioner, Melvin Farlow, is dismissed as untimely.

BACKGROUND

In December 2000, Petitioner was convicted of criminal drug conspiracy with a prior conviction of possession for sale of a controlled substance and was sentenced to 75 years' imprisonment. On July 25, 2003, the state appellate court affirmed the conviction and sentence.

Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court.

On June 1, 2004, Petitioner filed a petition for post-conviction relief in the circuit court of Macon County. On June 22, 2004, the circuit court dismissed the petition as frivolous and patently without merit. The appellate court affirmed the summary dismissal of Petitioner's petition for post-conviction relief on October 13, 2006. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which denied the petition on March 1, 2007.

As previously noted, Petitioner subsequently filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) on January 2, 2008. In his Petition, Petitioner raised numerous claims, including that his trial counsel was constitutionally ineffective and that Petitioner's sentence was an unconstitutional double enhancement. On April 17, 2007, Respondent filed a Motion to Dismiss (#8). Petitioner filed his Response (#11) on May 5, 2008 and Respondent filed a Reply in Support (#13) on May 12, 2008.

## ANALYSIS

In his Motion to Dismiss (#8), Respondent argues that Petitioner's Petition must be dismissed as untimely. This court agrees.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, applies to this case. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody. 28 U.S.C. § 2244(d)(1); see also Allen v. Siebert, ____ U.S. ____, 128 S. Ct. 2 (2007). Section § 2244(d)(1) provides that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

2244(d)(1)(A). Here, Respondent is correct that Petitioner's conviction became final August 5, 2003, 21 days after the state appellate court's decision on direct appeal, when time expired to file an appeal to the Illinois Supreme Court. See Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002). Thus, the one-year period of limitations for Petitioner to file a timely § 2254 petition ended August 5, 2004.

However, because Petitioner properly filed a state post-conviction petition on June 1, 2004, the time is tolled, pursuant to 28 U.S.C. § 2244(d)(2), between that date and January 24, 2007, the date on which the Illinois Supreme Court denied his post-conviction PLA. Between the date Petitioner's conviction became final on August 5, 2003 and the filing of the post-conviction petition on June 1, 2004, 301 days elapsed. After the tolling period ended on January 24, 2007, Petitioner allowed another 334 days to pass before filing his habeas corpus petition. In total, the petition was filed 635 days after the limitations period began, not including time properly tolled. Thus, this court agrees with Respondent that the habeas petition must be found to be untimely.

Petitioner has argued that the motion to dismiss should not be granted because he was hampered by his inability to afford effective counsel, was unfamiliar with Illinois law, and was misled by misrepresentations about the law made to him by fellow inmates. Petitioner thus contends that his petition should not be dismissed as time-barred because he is entitled to equitable tolling due to these impediments. Equitable tolling is proper "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007), citing Arrieta v. Battaglia, 461 F.3d. 861, 867 (7th Cir. 2006). A plaintiff must also have been pursuing his rights diligently in spite of these

3

extraordinary circumstances. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). While the Seventh Circuit has noted that equitable tolling may apply to § 2244, the court has repeatedly rejected such claims, noting that "[w]e rarely deem equitable tolling appropriate–in fact we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003).

The Seventh Circuit has held, moreover, that attorney negligence or incapacity is not enough to justify applying equitable tolling, and that a prisoner bears the ultimate responsibility for his own filings. Modrowski, 322 F.3d at 968; see also Lloyd v. Van Natta, 296 F.3d 639, 633 (7th Cir. 2002) (prisoner's lack of access to trial transcript does not warrant equitable tolling); Montenegro v. United States 248 F.3d 585, 594 (7th Cir. 2001)(equitable tolling not justified by language barrier, lack of legal knowledge and transfer between prisons). In this case, the burden was on Petitioner to ensure that his petition was timely filed. This court sees no extraordinary circumstances which would justify applying equitable tolling to the statue of limitations.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss (#8) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) is dismissed as untimely.

(2) This case is terminated.

ENTERED this 28th day of May, 2008

        **s/ Michael P. McCuskey**
        MICHAEL P. McCUSKEY
        CHIEF U.S. DISTRICT JUDGE

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court
### Central District of Illinois

# JUDGMENT IN A CIVIL CASE

**MELVIN FARLOW,**
**Petitioner,**

vs.                                                                                  Case Number:   **08-2001**

**TERRY MCCANN,**
**Respondent.**

☐ **DECISION BY THE COURT.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 by a person in State Custody is dismissed as untimely.  Case is terminated.

ENTER this 28th day of May 2008.


s/Pamela E. Robinson, Clerk
PAMELA E. ROBINSON, CLERK


s/K. Wynn
BY:  DEPUTY CLERK

## Orders on Motions
2:08-cv-02001-MPM-DGB Farlow v. McCann CASE CLOSED on 05/28/2008
21, 25, CLOSED, HABEAS, PROSE, REFER

U.S. District Court

CENTRAL DISTRICT OF ILLINOIS

## Notice of Electronic Filing

The following transaction was entered on 6/23/2008 at 4:22 PM CDT and filed on 6/23/2008
**Case Name:** Farlow v. McCann
**Case Number:** 2:08-cv-2001
**Filer:**
**WARNING: CASE CLOSED on 05/28/2008**
**Document Number:** No document attached

**Docket Text:**
**TEXT ORDER entered by Chief Judge Michael P. McCuskey on 06/23/2008. On June 20, 2008, Petitioner filed [18] Motion for Extension of Time to File a Motion for a Certificate of Appealability. Because Petitioner has expressed an intention to file an appeal in this case, this court construes his Motion to include a Notice of Appeal. In addition, Petitioner's Motion [18] is GRANTED. Petitioner is allowed 30 days, until July 23, 2008, to file his motion for a certificate of appealability. (DK2, ilcd)**

**2:08-cv-2001 Notice has been electronically mailed to:**

Eric Truett    etruett@atg.state.il.us

**2:08-cv-2001 Notice has been delivered by other means to:**

Melvin Farlow
K 92694
STATEVILLE
Stateville Correctional Center
Inmate Mail/Parcels
PO Box 112
Joliet, IL 60434

21, 25, APPEAL, HABEAS, PROSE, REFER

## U.S. District Court
### CENTRAL DISTRICT OF ILLINOIS (Urbana)
### CIVIL DOCKET FOR CASE #: 2:08-cv-02001-MPM-DGB
### Internal Use Only

Farlow v. McCann
Assigned to: Chief Judge Michael P. McCuskey
Referred to: Magistrate Judge David G. Bernthal
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 01/02/2008
Date Terminated: 05/28/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Melvin Farlow**     represented by   **Melvin Farlow**
K 92694
STATEVILLE
Stateville Correctional Center
Inmate Mail/Parcels
PO Box 112
Joliet, IL 60434
PRO SE

V.

**Respondent**

**Terry L McCann**    represented by   **Eric Truett**
ILLINOIS ATTORNEY GENERAL
12th Floor
100 W Randolph St
Chicago, IL 60601
312-814-4684
Email: etruett@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/02/2008 | 1 | PETITION for Writ of Habeas Corpus, filed by Melvin Farlow.(KW, ilcd) (Entered: 01/02/2008) |
| 01/02/2008 | 2 | MOTION to Appoint Counsel by Petitioner Melvin Farlow. Responses due by 1/21/2008 (KW, ilcd) (Entered: 01/02/2008) |

| | | |
|---|---|---|
| 01/02/2008 | | (Court only) *** Clerk's Notes: Petitioner did not file a petition to proceed in forma pauperis or pay the $5.00 filing fee (KW, ilcd) Modified on 1/2/2008 (KW, ilcd). (Entered: 01/02/2008) |
| 01/07/2008 | 3 | ORDER Entered by Chief Judge Michael P. McCuskey on 1/7/08. IT IS THEREFORE ORDERED THAT Petitioner is allowed thirty (30) days to pay the $5.00 filing fee or file a Motion to Proceed in Forma Pauperis with the required trust fund ledgers. ( Miscellaneous Deadline 2/6/2008) (KW, ilcd) (Entered: 01/07/2008) |
| 01/07/2008 | | (Court only) *** Clerk's Notes: Copy of order entered on 1/7/08 mailed to pro se petitioner (KW, ilcd) (Entered: 01/07/2008) |
| 01/15/2008 | | Filing fee: $ 5.00, receipt number U 6197 (KW, ilcd) Modified on 1/18/2008 (KW, ilcd). Date corrected. (Entered: 01/18/2008) |
| 01/18/2008 | | (Court only) *** Deadlines and Hearings terminated. (KW, ilcd) (Entered: 01/18/2008) |
| 02/22/2008 | 4 | ORDER Entered by Chief Judge Michael P. McCuskey on 2/22/08. (1) Petitioners Motion for Appointment of Counsel (#2) is DENIED.(2) Respondent is ordered to file his Response to the Petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court. Respondent should attach those portions of the state court record which are relevant to Petitioners claims and to the issues of the statute of limitations, exhaustion of state remedies, and procedural default. See written order. (KW, ilcd) (Entered: 02/22/2008) |
| 02/22/2008 | | (Court only) *** Clerk's Notes: Copy of file and order entered on 2/22/08 mailed by certified mail to Warden McCann and Michael Glick, Assistant Attorney General for the Criminal Appeal Bureau in Chicago, IL (KW, ilcd) (Entered: 02/22/2008) |
| 02/27/2008 | | Set/Reset Deadlines: Miscellaneous Deadline 4/22/2008 (KW, ilcd) (Entered: 02/27/2008) |
| 02/29/2008 | 5 | Return of Service Executed by Melvin Farlow as to Respondent Terry L McCann. (VB, ilcd) (Entered: 02/29/2008) |
| 03/05/2008 | 6 | Return of Service Executed by Melvin Farlow as to Respondent Terry L McCann. (KW, ilcd) (Entered: 03/05/2008) |
| 03/14/2008 | 7 | NOTICE of Appearance of Attorney by Eric Truett on behalf of Terry L McCann (Truett, Eric) (Entered: 03/14/2008) |
| 04/17/2008 | 8 | MOTION to Dismiss by Respondent Terry L McCann. Responses due by 5/5/2008 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Truett, Eric) (Entered: 04/17/2008) |
| 04/17/2008 | 9 | NOTICE to pro se plaintiff informing him that he has 14 days to respond to MOTION to Dismiss 8 (KW, ilcd) (Entered: 04/17/2008) |
| 04/29/2008 | 10 | Letter construed as a MOTION for Extension of Time to File a response by Petitioner Melvin Farlow. Responses due by 5/16/2008 (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit Letters to attorneys)(KW, ilcd) (Entered: 04/29/2008) |
| 04/30/2008 | | TEXT ORDER granting 10 Motion for Extension of Time to File. Petitioner is allowed until 06/06/2008 to respond to Respondent's Motion to Dismiss. Entered by Chief Judge Michael P. McCuskey on 04/30/2008. (DK2, ilcd) (Entered: 04/30/2008) |
| 04/30/2008 | | Set/Reset Deadlines: Responses due by 6/6/2008 (KW, ilcd) (Entered: 04/30/2008) |
| 04/30/2008 | | (Court only) *** Clerk's Notes: Copy of text order entered on 4/30/08 mailed to pro se petitioner (KW, ilcd) (Entered: 04/30/2008) |
| 05/05/2008 | 11 | RESPONSE to Motion re 8 MOTION to Dismiss filed by Petitioner Melvin Farlow. (MT, ilcd) (Entered: 05/05/2008) |
| 05/12/2008 | 12 | Letter from petitioner with documents from Central District of California and Macon County Circuit Court. (MT, ilcd) (Entered: 05/12/2008) |
| 05/12/2008 | 13 | REPLY to Response to Motion re 8 MOTION to Dismiss filed by Respondent Terry L McCann. (Truett, Eric) (Entered: 05/12/2008) |
| 05/12/2008 | 14 | Letter from plaintiff regarding sending documents to the court. (MT, ilcd) Modified on 5/13/2008 (MT, ilcd). (Entered: 05/13/2008) |
| 05/13/2008 | | Notice of Docket Text or Event Modification. Docket Entry 14 was modified to correct the date of filing. (MT, ilcd) (Entered: 05/13/2008) |
| 05/28/2008 | 15 | OPINION Entered by Chief Judge Michael P. McCuskey on 5/28/08. (1) Respondents Motion to Dismiss (#8) is GRANTED. Petitioners Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) is dismissed asuntimely.(2) This case is terminated. See written order. Copy mailed to pro se petitioner. (KW, ilcd) (Entered: 05/28/2008) |
| 05/28/2008 | 16 | JUDGMENT in favor of Terry L McCann and against Melvin Farlow (KW, ilcd) (Entered: 05/28/2008) |
| 06/16/2008 | 17 | Letter from pro se petitioner concerning his case being closed (KW, ilcd) (Entered: 06/16/2008) |
| 06/20/2008 | 18 | MOTION for Extension of Time to File a Notice of Appeal by Petitioner Melvin Farlow. Responses due by 7/7/2008 (KW, ilcd) (Entered: 06/20/2008) |
| 06/23/2008 | | TEXT ORDER entered by Chief Judge Michael P. McCuskey on 06/23/2008. On June 20, 2008, Petitioner filed 18 Motion for Extension of Time to File a Motion for a Certificate of Appealability. Because Petitioner has expressed an intention to file an appeal in this case, this court construes his Motion to include a Notice of Appeal. In addition, Petitioner's Motion 18 is GRANTED. Petitioner is allowed 30 days, until July 23, 2008, to file his motion for a certificate of appealability. (DK2, ilcd) (Entered: 06/23/2008) |
| 06/23/2008 | 19 | NOTICE OF APPEAL as to 15 Order on Motion to Dismiss, Order on Petition for Writ of Habeas Corpus (2241 & 2254),, Order on Petition for Writ of Habeas Corpus (2241 & 2254) by Melvin Farlow. Appeal Record |

| | | due by 6/23/2008. (KW, ilcd) (Entered: 06/24/2008) | |